**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MOSES ECHOLS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **NO. 5:26-CV-00326-TES-CHW** |
| **VS.** | : | |
| | : | |
| **Judge TOMMY J. SMITH, *et al.*,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Moses Echols, a prisoner at Dodge State Prison in Chester, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed a certified account statement that the Court construes as a request to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff has also filed a "Motion for Inclusion" (ECF No. 4) and a motion requesting a jury trial (ECF No. 5).

## REQUEST TO PROCEED IFP

As it appears Plaintiff is unable to pay the cost of commencing this action, his request to proceed IFP (ECF No. 2) is hereby **GRANTED**. However, even if a prisoner is allowed to proceed IFP, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the

complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that in the preceding six months, Plaintiff had total deposits of $1,720.00. ECF No. 2. Thus, his average monthly deposits were $286.67. Twenty percent of $286.67 is $57.33. Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $57.33.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **clerk of court** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I. Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

In conclusion, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $57.33. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the clerk of court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## PLAINTIFF'S OTHER MOTIONS

Plaintiff has filed a "Motion for Inclusion," in which he requests that Megan Cramer be added as a Defendant to this civil action. ECF No. 4. Because Plaintiff listed Megan Cramer as a Defendant in his complaint (ECF No. 1 at 1, 4), she is already included as a Defendant in this case. Therefore, Plaintiff's "Motion for Inclusion" (ECF No. 4) is **DENIED** as moot.

Plaintiff has also filed a motion requesting a jury trial. ECF No. 5. Although Plaintiff has styled the filing as a motion, the filing is more properly construed as a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and does not warrant any action by the Court at this time. Accordingly, the Clerk of Court is hereby **DIRECTED** to terminate the motion. Plaintiff's jury demand is preserved for the record.

## CONCLUSION

Plaintiff's "Motion for Inclusion" (ECF No. 4) is **DENIED** as moot. The Clerk of Court is **DIRECTED** to terminate Plaintiff's motion requesting a jury trial (ECF No. 5) as it should be docketed more properly as a demand for a jury trial. Plaintiff's request to proceed IFP (ECF No. 2) is **GRANTED** and Plaintiff is **ORDERED** to pay an initial partial filing fee of $57.33. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff's failure to pay the initial partial filing fee can result in the dismissal of this action. Plaintiff shall keep the Court informed of any future address change and his failure to do

so can also result in the dismissal of this action. There shall be **no service** in this case until further Order of the Court.

**SO DIRECTED and ORDERED**, this 26th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge